FILED

07/19/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 5, 2017 Session

## CHRISTOPHER CHARLES MILNER v. SUZANNE CARY MILNER

Appeal from the Chancery Court for Carter County
No. 26346   John C. Rambo, Chancellor

### No. E2017-00274-COA-R3-CV

The January 12, 2017 order to which the Notice of Appeal is directed in this post-dissolution case did not adjudicate a pending motion to modify child support or the pending issue concerning whether the appellant "wrongfully" received benefits from the Social Security Administration for the benefit of the parties' minor child based upon the step-father's disability. As such, it is clear that the order appealed from does not resolve all issues raised in the proceedings below and is not a final judgment from which an appeal as of right would lie. We therefore lack jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, CHARLES D. SUSANO, JR., AND THOMAS R. FRIERSON, II, JJ.

Sandy Phillips, Johnson City, Tennessee, for the appellant.

Regina LeeAnn Shepherd, Elizabethton, Tennessee, for the appellee.

### MEMORANDUM OPINION[1]

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court reviewed the record for this appeal upon transmission to determine whether the Court had

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

subject matter jurisdiction to hear this matter. After determining that there were unresolved issues in the Trial Court, this Court directed the appellant to show cause why this appeal should not be dismissed as premature. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). While the Supreme Court in *Bayberry* remarked that there is "no bar" to the suspension of the finality requirements of Rule 3(a) pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, there has been no argument made in this case that would support suspension of the requirements of the rule. *See id.* (noting that "there must be a good reason for suspension"). Moreover, the question exists whether such a suspension would be proper given developments in the law subsequent to *Bayberry*. *See Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) ("Lack of appellate jurisdiction cannot be waived.") (citing *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)).

Because this Court lacks jurisdiction to consider this appeal, the case is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**